IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

WILLIE THOMAS WORSHAM,

        Petitioner,

v.

        Criminal Action No. 4:13cr27
        Civil Action No. 4:15cv39

UNITED STATES OF AMERICA,

        Respondent.

## OPINION & ORDER

This matter is before the Court pursuant to Petitioner Willie Thomas Worsham's ("Worsham" or "Petitioner") Motion under 28 U.S.C. § 2255 to Vacate Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion" or "§ 2255 Motion"). Doc. 52. After reviewing the record, the Court **FINDS** that no hearing is necessary because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). For the reasons stated herein, the Court **DENIES** Petitioner's Motion.

### I. FACTUAL & PROCEDURAL BACKGROUND

On May 16, 2013, Petitioner plead guilty, with no plea agreement, before this Court to Counts One and Two of an indictment charging him with Escape (Count One), in violation of 18 U.S.C. § 751(a), and Assaulting a Federal Officer (Count Two), in violation of 18 U.S.C. § 111(a)(1). Docs. 9, 12. These offenses resulted from Worsham's failure to return from a weekend pass he received during his term of imprisonment in November 2012. Doc. 48 at 2. When the United States Marshal Service located Petitioner in February 2013, Deputy U.S. Marshal William Stanton identified himself, approached Petitioner's vehicle, and subsequently

sustained injury when Worsham put the car in drive and "floored" the vehicle, dragging Marshal Stanton alongside it. Id. The Federal Public Defender was appointed to represent Petitioner throughout the proceedings, and on September 12, 2013, this Court sentenced Petitioner to sixty (60) months imprisonment on Count One and sixty (60) months imprisonment on Count Two, to run consecutively for a total of one hundred twenty (120) months imprisonment. Docs. 30, 31.

The total base level offense for Count Two was fourteen (14), but Petitioner received a four- level enhancement for use of a dangerous weapon, a three-level enhancement because the victim sustained bodily injury, a two-level enhancement for his conviction under 18 U.S.C. § 111(b) (assaulting, resisting, or impeding certain officers or employees), an additional six-level enhancement for assaulting a government employee, and a three-level reduction for acceptance of responsibility. Accordingly, Petitioner's total offense level on Count Two was twenty-six (26) at criminal history category VI, which carried a guideline range of one hundred twenty (120) to one hundred fifty (150) months imprisonment. Doc. 25. Petitioner timely appealed his conviction to the United States Court of Appeals for the Fourth Circuit challenging only the four-level enhancement he received for use of a dangerous weapon under the United States Sentencing Guidelines Manual ("USSG") § 2A2.2(b)(2)(B). Doc. 48 at 2. The Fourth Circuit affirmed this Court's judgment, stating, "we have reviewed the entire record and have found no meritorious issues for appeal." Doc. 48 at 4. The United States Supreme Court denied Worsham's petitioner for certiorari on October 6, 2014. Doc. 53 at 2.

On May 7, 2015, Petitioner filed the present Motion setting forth two grounds for relief. Doc. 52. Firstly, Petitioner asserts ineffective assistance of counsel for (1) misadvise concerning his possible sentence and (2) failure to object to the sentencing enchantments set forth in the Presentence Investigation Report ("PSR") and applied at sentencing. Doc. 53 at 2–5. Secondly,

Petitioner asserts that the Court erred in enhancing his sentence under Apprendi v. New Jersey, 530 U.S. 466 (2000) and Alleyne v. United States, 133 S. Ct. 2151 (2013). The Court Ordered the United States to respond to Petitioner's Motion, and it did so on August 3, 2015 by requesting the Court deny Petitioner's Motion without a hearing. Doc. 56. The Court will address each of Petitioner's contentions in turn.

## II. LEGAL STANDARDS

### A. Motions Pursuant to Section 2255

Section 2255 is designed to correct fundamental constitutional or jurisdictional errors that would otherwise "inherently result[] in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). In order to move the Court to vacate, set aside or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) his "sentence was imposed in violation of the Constitution or laws of the United States;" (2) the Court was without jurisdiction to impose such a sentence; (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A petitioner bears the burden of proving grounds for collateral review by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958); Hall v. United States, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998).

The scope of a § 2255 collateral attack is far more limited than an appeal, and thus a "collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). "[T]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains."

3

Id. at 167. Although the doctrine of procedural default generally bars claims not previously raised, a freestanding claim of ineffective assistance of counsel may be properly asserted for the first time in a § 2255 petition. United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991). Generally, an evidentiary hearing is required under § 2255 unless it is clear from the pleadings, files, and records that a movant is not entitled to relief. United States v. Witherspoon, 231 F.3d 923, 925–26 (4th Cir. 2000); see also 28 U.S.C. § 2255(b).

**B. Ineffective Assistance of Counsel**

In order to prevail on an ineffective assistance of counsel claim, Petitioner must meet the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984). The first prong requires Petitioner to "show that counsel's representation fell below an objective standard of reasonableness." Bacon v. Lee, 225 F.3d 470, 478 (4th Cir. 2000) (quoting Strickland, 466 U.S. at 688). Petitioner's counsel is entitled to a "strong presumption" that his or her strategy and tactics fell "within the wide range of reasonable professional assistance." United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004) (quoting Strickland, 466 U.S. at 689). Under a "highly deferential" standard, the objectiveness of counsel's assistance is based on counsel's perspective at the time of the alleged error and in light of all of the circumstances. Id. at 404–05 (citing Kimmelman v. Morrison, 477 U.S. 365, 381 (1986)). The second prong of the Strickland test requires Petitioner to demonstrate prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Bacon, 225 F.3d at 478 (quoting Strickland, 466 U.S. at 694). Petitioner's failure to satisfy either of the two prongs renders it unnecessary to consider the other prong. Roane, 378 F.3d at 404.

## III. ANALYSIS

### A. Ineffective Assistance of Counsel

Petitioner's first contention is that counsel was ineffective because, despite vehement protests on Petitioner's part, counsel failed to object to the sentencing enhancements as outlined in the PSR. Doc. 53 at 2–3. Petitioner claims that "[c]ounsel advised the Movant that he did not have enough time to prepare any objections and that he would just couch it in his sentencing memorandum at sentencing," id. at 3 (emphasis added), despite the fact that counsel was female[1] and had submitted a detailed position paper on sentencing arguing for a departure from the recommended guideline range based on Petitioner's history and the sentencing factors set forth in 18 U.S.C. § 3553(a). See Doc. 27. In addition to this, at his Rule 11 guilty plea hearing Petitioner confirmed that he had the opportunity to discuss all the facts of his case with his counsel and that he was fully satisfied with the advice he received. Guilty Plea Tr. 9:9–12, Doc. 44. "Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he made under oath during a plea colloquy," including statements regarding the performance of counsel. Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1299 (4th Cir. 1992). Beyond mere legal recitations, Petitioner has presented no evidence supporting his assertion that counsel was ineffective.

Further, Petitioner claims that if counsel had filed the proper objections, his sentence would have been substantially reduced. Doc. 53 at 4. However, Worsham admitted to the statement of facts, filed in open Court, which supported each of the four enhancements he received. Doc. 20. Petitioner admitted that he used his car as a dangerous weapon to assault a government employee while that employee was engaged in his official duties and that said

---

[1] Plaintiff refers to counsel as "he" or "him" throughout his memorandum. However, the Court has confirmed that Petitioner's counsel was female throughout every phase of his case.

employee was injured as a result of Petitioner's actions. Doc. 20 ¶ 7. Worsham also plead guilty to 18 U.S.C. § 111(b), which permits the additional sentencing enhancement for use of a dangerous weapon. Doc. 19. Objections to Petitioner's sentencing enhancements would have been frivolous based on the evidence produced at sentencing. Counsel was not required to make frivolous objections as a means of protecting herself against subsequent allegations of ineffective assistance. See United States v. Williams, No. 97-9578, 1998 WL 196735, *1 (4th Cir. Apr. 24, 1998); see also, United States v. Bosch, 584 F.2d 1113, 1121 (1st Cir. 1978). Accordingly, the Court **FINDS** that counsel's performance in this matter fell "within the wide range of reasonable professional assistance" as required by Strickland.

Secondly, Petitioner contends that "[c]ounsel withheld the facts surrounding the entire circumstances of any alleged enhancements and assured Movant that he would be pleading as charged and that his sentence would not exceed 70-months." Doc. 53 at 5. Petitioner then states that, as he was confident in counsel's conveyance of these facts, "he signed into a plea agreement with misgivings and ramifications that where not discussed." Id. Worsham also makes another reference to the "signed agreement in the initial contract," but it is incumbent upon the Court to note that there was never a written plea agreement in this matter. Petitioner plead guilty orally before the Court on May 16, 2013, where it was explicitly noted that there was "NO PLEA AGREEMENT" in the case. Doc. 19. Even if there were a written plea agreement, the Court informed Petitioner of the maximum penalties for his offense and confirmed he understood those maximums at the guilty plea hearing. Guilty Plea Tr. 8:11–20, Doc. 44. Accordingly, the Court **FINDS** that Petitioner's claim of ineffective assistance of counsel on this ground is not meritorious.

## B. Application of <u>Alleyne</u> & <u>Apprendi</u> during Sentencing

Lastly, Petitioner contends that the Court erred during sentencing because "[t]he Court substantially and drastically ballooned Movant's sentence beyond the prescribed statutory maximum" in violation of <u>Apprendi</u>. Doc. 53 at 5. In <u>Apprendi</u>, the Supreme Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury." <u>Apprendi</u>, 530 U.S. at 490. However, neither sentence Worhsam received exceeded the statutory maximum. The statutory maximum sentence on Count One was sixty (60) months, and the statutory maximum on Count Two was two hundred forty (240) months. Petitioner was sentenced to sixty (60) months on each count, and accordingly, <u>Apprendi</u> is inapplicable to the present matter. In <u>Alleyne</u>, the Supreme Court extended this principle to any factor that increases the penalty for a crime beyond the mandatory statutory minimum. 133 S.Ct. at 2155. However, <u>Alleyne</u> is only applicable when judicial factfinding impacts the minimum statutory punishment. <u>United States v. Mason</u>, 547 F. App'x 235, 236 (4th Cir. 2013) (per curiam) (citing <u>Alleyne</u>, 133 S. Ct. at 2163). Sentencing enchantments only affect the advisory guidelines calculations, not the statutory mandatory minimum punishment. <u>Id.</u> Accordingly, <u>Alleyne</u> is also inapplicable in the present matter.

Petitioner further argues that the Court erred in increasing his sentence because the Government did not provide proof of Marshall Stanton's injuries. Doc. 53 at 8. This was unnecessary, however, as Petitioner plead guilty to Count Two of the indictment, which charged him with "inflicting injury to Deputy United States Marshal Bill Stanton." Doc. 12 at 2. See <u>United States v. Campbell</u>, 259 F.3d 293 (4th Cir. 2001) (holding that infliction of bodily injury is an element of 18 U.S.C. § 111(b) that must be charged in the indictment). Petitioner also admitted to the facts as outlined in the statement of facts and PSR, both of which referenced the

injuries received by Marshal Stanton. In so far as Petitioner argues that his sentence should not have been increased because his vehicle was not a dangerous weapon, this issue was raised on direct appeal, and to the extent this issue was decided by the Fourth Circuit, it cannot be raised in a subsequent § 2255 Motion. See Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976).

In his prayer for relief, Petitioner requested counsel be appointed to assist him with the instant proceedings. Doc. 53 at 9. It is well-established that "a criminal defendant has no right to counsel beyond his first appeal." Coleman v. Thompson, 501 U.S. 722, 756 (1991). Petitioner was represented by competent counsel throughout this matter, including on appeal, and he has presented no exceptional circumstances that would warrant appointment of counsel to assist him with the present Motion. See Gagnon v. Scarpelli, 411 U.S. 778, 790 (1973). Accordingly, Petitioner's request for counsel is **DENIED**. After reviewing the record, the Court **FINDS** that Petitioner is entitled to no relief, and that no hearing is necessary because this is conclusively established by the record.

## IV. CONCLUSION

For the reasons set forth herein, Petitioner's § 2255 Motion is **DENIED**.

Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural issue, a certificate of appealability is also **DENIED**.

Petitioner is **ADVISED** that he may appeal this Order by forwarding a written notice of appeal to the Clerk, United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Order. To proceed in forma pauperis on appeal, Petitioner must

submit an application to proceed in forma pauperis to the Clerk, United States Court of Appeals for the Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **REQUESTED** to send a copy of this Order to Petitioner and to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
Oct 9, 2015